UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS SPENCER #529310,

       Plaintiff,                                      Hon. Paul L. Maloney

v.                                                     Case No. 1:24-cv-451

MATTHEW ENSING, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of MDOC Defendants Burgess, Clouse, Erway, Ensign, Greiner, and Majerczyk and motion for summary judgment on the basis of exhaustion by Defendants Ensing and Greiner. (ECF No. 17.)[1] Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[2] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **deny** both the Rule 12(b)(6) aspect of the motion and the motion for summary judgment for lack of exhaustion by Defendants Ensing and Greiner.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility, initiated this action on May 1, 2024, by filing a complaint against several MDOC employees and two MDOC contractor employees alleging

---

[1] The title of the motion is somewhat misleading as it omits the motion to dismiss portion of the argument.

[2] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

claims pursuant to 42 U.S.C. § 1983 based on events that occurred at the Oaks Correctional Facility (ECF). (ECF No. 1.)

Plaintiff alleges that he has been seeking outpatient mental health services and medication since 2022, but ECF staff have denied his requests. He alleges that, due to the lack of that treatment (medication), he has received numerous misconducts. (*Id.* at PageID.4.) Plaintiff alleges that Defendants were deliberately indifferent to his serious mental health needs in violation of the Eighth Amendment. (*Id.* at PageID.5.) Plaintiff also alleges that Defendants retaliated against him in violation of the First Amendment by withholding mental health treatment because Plaintiff assisted prisoner Michael Gresham as a witness in various matters and filed a prior lawsuit with assistance from prisoner Gresham. (*Id.*)

### I. Motion to Dismiss

Defendants Burgess, Clouse, Erway, Ensing, Greiner, and Majerczyk contend that they are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff does not make any specific allegations against them in his complaint. (ECF No. 18 at PageID.78.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely

2

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Although Defendants contend that the complaint does not make any specific allegations against them, my review indicates otherwise. In particular, the complaint alleges:

> Plaintiff Spencer sent in kites to mental health requesting treatment[.] However staff would not answer his kites[.] Plaintiff also spoke with Defendants *Ensing*, *Greiner*, *Majerczyk*, Dunlap, Brown, Bennett, McColl, Erway, *Burgess*, Pleasant[,] Patek[,] and *Clouse* who are responsible for recommending and providing mental health treatment[.] These Defendants told Spencer they would not recommend and provide him with mental health treatment because he was just trying to manipulate the system . . . .

(ECF No. 1 at PageID.4 (italics added).) Given this allegation, it is not clear why Defendants contend that Plaintiff does not make any specific allegations against them. Moreover, because Plaintiff is proceeding pro se, the Court must construe his pleading liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Perhaps Defendants contend that they are not responsible for Plaintiff's mental health treatment or mental health treatment in general at ECF. If so, such assertion is not a basis for dismissal on a Rule 12(b)(6) motion to dismiss. Moreover, because the Court has reviewed the complaint pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and found that service on Defendants was warranted, it has already determined

that the complaint states a claim against Defendants. Thus, Defendants fail to show that dismissal is warranted.

## II. Motion for Summary Judgment

Defendants Ensign and Greiner move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies on his claims against them. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendant]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of their motion, Defendants Ensing and Greiner attach a Step III Grievance Report for Plaintiff dated May 13, 2024, which shows the grievances arising out of ECF that Plaintiff pursued through Step III prior to initiating this action. (ECF No. 18-3.) The Step III report shows that Plaintiff pursued four grievances, only two of which, Grievance ECF-24-01-0187-12B1 (the 0187 Grievance) and Grievance ECF 22-10-1455-28c (the 1455 Grievance), pertain to his mental health care. Defendants contend that neither grievance exhausted Plaintiff's claims against them.

The 1455 Grievance was rejected at Step I because it contained multiple issues. (*Id.* at PageID.115.) The rejection was upheld at both Steps II and III. (*Id.* at PageID.112, 114.) There is no indication that the rejection was improper because it contained multiple issues that were unrelated. Thus, the 1455 Grievance was not properly exhausted. *See Crump v. Caruso*, No. 2:09-CV-194, 2010 WL 3720068, at *3 (W.D. Mich. Sept. 17, 2010) (grievance complaining of arbitrary punishment, deliberate indifference to medical needs, improper assignment to a smoking unit, and arbitrary refusal to allow the plaintiff to see the quartermaster was properly rejected for containing multiple unrelated issues); *Martin v. Bergh*, No. 2:06-cv-119, 2008 WL 4283517, at *1 (W.D. Mich. Sept. 12, 2008) (citing Woodford, 548 U.S. at 90–91) ("Because Plaintiff's grievance was rejected as untimely, the grievance was not properly exhausted, and his claim is therefore barred.").

Regarding the 0187 Grievance, which was addressed on the merits at all three steps, Plaintiff did not name either Ensing or Greiner in his Step I form, although he alleged that custody and mental health staff were denying him mental health treatment. (*Id.* at PageID.106.) In his Step II appeal, however, Plaintiff named Ensing and Greiner, as well as several other prison officials named in his Step I grievance, and alleged that the mental health treatment team staff were

5

conspiring to deny him treatment for his mental illness. (PageID.104.) In his Step III appeal, Plaintiff simply wrote, "same reason," and did not name any Defendant (*Id.*)

Generally, a plaintiff does not properly exhaust a claim by inserting new allegations for the first time at Step II or III of the grievance process. *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) ("We understand these policies to require that a prisoner seeking to administratively exhaust a claim against a prison official describe the alleged mistreatment or misconduct at Step I of the grievance process. By negative implication, we understand these policies to preclude administrative exhaustion of a claim against a prison official if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process."). Nonetheless, courts in the Sixth Circuit have recognized that, in certain circumstances, a plaintiff may properly exhaust a claim, even though the defendant is first identified in an appeal of the Step II decision. For example, in *Frisby v. Cobar*, No. 2:22-cv-87, 2023 WL 4872567 (W.D. Mich. May 8, 2023)*, report and recommendation adopted*, 2023 WL 4865084 (W.D. Mich. July 31, 2023), the court observed that a plaintiff may be deemed to have properly exhausted a claim against an individual added at Step II "where the plaintiff presents facts in his Step I grievance that could place the prison on notice to conduct an investigation even though the grievance did not necessarily identify the particular individuals who might later be sued." *Id.* at *5 (internal quotation marks omitted). Similarly, in *McDaniel v. Bechard*, No. 15-13892, 2017 WL 3699762 (E.D. Mich. Aug. 2, 2017), *report and recommendation adopted*, 2017 WL 5712898 (E.D. Mich. Nov. 28, 2017), the court held the plaintiff properly exhausted a retaliation claim against a defendant named for the first time in the plaintiff's Step II appeal because the MDOC considered the issue on the merits. *Id.* at *7–8. Here, both circumstances are present. That is, Plaintiff's Step I grievance provided sufficient facts to

6

place prison officials on notice to investigate whether the mental health treatment team was "systemically denying [Plaintiff] mental health treatment" (ECF No. 18-3 at PageID.106), and the Step II respondent considered Plaintiff's claim that he was not receiving proper mental health treatment on the merits. (*Id.* at PageID.105.) In fact, in addressing Plaintiff's mental health claim, the respondent did not differentiate between Defendants Greiner and Ensing and the other individuals named in the Step II appeal who also had been named at Step I. Any procedural defect was thus waived. Therefore, Defendants Ensing and Greiner fail to meet their summary judgment burden.

## CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion (ECF No. 17) be **denied** both as to the Rule 12(b)(6) grounds for dismissal raised therein and on Defendant Ensing and Greiner's motion for summary judgment on the basis of exhaustion.

Dated: October 18, 2024                                    /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).